## City of Streator v. Johanna O'Brien.

1. Instructions—*Defective Sidewalks.*—An instruction which tells the jury that when the sidewalk of a city is out of repair and remains out of repair for such a length of time that the public authorities in the exercise of reasonable care and diligence ought to have discovered the fact then actual notice to such authorities of the condition of the walk is not necessary to hold the city liable, is proper.

2. Same—*Rule for Fixing Damages.*—An instruction which stated that though the jury might believe from the evidence that the sidewalk was not in ordinarily safe repair and condition, still if they further believed from the evidence that the city exercised ordinary care for the purpose of keeping the same in repair and condition then they should find for the defendant, was modified by the court so as to provide that the city should be held harmless, under such circumstances, only in the event that it and its officers did not know of the unsafe condition of the sidewalk and could not have known of it by the exercise of reasonable care. *Held,* such modification stated a correct principle of law and was properly made.

Action on the Case, for personal injuries. Appeal from the Circuit Court of LaSalle County; the Hon. Harvey M. Trimble, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

P. J. Lucey, attorney for appellant.

Reeves & Boys, attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit by appellee to recover damages for injuries alleged to have been received by her, by reason of a fall on a defective sidewalk in the city of Streator, on October 2, 1900. There was an appropriate declaration, to which the general issue was filed. The trial resulted in a verdict and judgment in favor of appellee for $1,000.

Appellee was about sixty-five years of age, was quite a large woman, weighing from 190 to 200 pounds, and prior to the accident enjoyed good health. By reason of the fall her arm was broken, her shoulder badly bruised, her face and body cut and bruised, and she was confined to her bed for about two months. She suffered considerable pain and

since the injury has been unable to do any housework. There was evidence that she would always suffer some inconvenience from her injuries. Under such circumstances the damages can not be said to be so large as to warrant a reversal of the judgment on that ground.

Appellant complains of the sixth and seventh instructions given for appellee. The sixth instruction told the jury that when the sidewalk of a city is out of repair and remains out of repair for such a length of time that the public authorities, in the exercise of reasonable care and diligence ought to have discovered the fact, then actual notice to such authorities of the condition of the walk is not necessary to hold the city liable, etc. The object of this instruction was simply to explain that constructive notice might take the place of actual notice to the city of the existence of defects in the sidewalk, and taken in connection with the other instructions, could not have misled the jury.

The seventh instruction laid down the rule for fixing the amount of damages and told the jury, in substance, that in case plaintiff was entitled to recover, they should find for her such an amount of damages as they believed, from the evidence, would compensate her for the injury received and for her loss of time in endeavoring to be cured, and her expenses necessarily incurred in respect thereto, if any such loss or expenses were proved; also for the pain and suffering undergone by her, if any had been proved; also any permanent injury which they may believe from the evidence she has sustained. We find that there was evidence touching all the elements of damages mentioned and the instruction was properly given.

Instruction No. 20 offered by defendants told the jury that although they might believe from the evidence that the sidewalk was not in ordinarily safe repair and condition, still if they further believed from the evidence that the city exercised ordinary care for the purpose of keeping the same in safe repair and condition, then they should find for the defendant. This instruction the court modified in such a way as to provide that the city should be held harm-

less, under such circumstances, only in the event that it and its officers did not know of the unsafe condition of the sidewalk, and could not have known of it by the exercise of reasonable care. We are of opinion that the modification stated a correct principle of law and was properly given.

The objection that the verdict was not supported by the proofs is not well taken. A preponderance of the evidence shows that appellee was, at the time she was injured, proceeding along the walk with due care; that the walk was out of repair at the place where the injury occurred and had been so for some time; that the city knew of the defect or could have known of it by the exercise of reasonable care, and repaired it.

The final complaint is that the court erred in permitting evidence to go to the jury that on the next morning after the accident, the city caused the sidewalk to be fenced off where the accident occurred, and on the following day caused the walk to be removed.

It is unnecessary for us to discuss the question whether or not this evidence was objectionable, as there was evidence to the same effect, fully establishing these facts, which was not objected to by appellant. But in any event the action of the court in admitting this testimony could not have injured appellant, as there was ample evidence to show its negligence in regard to the sidewalk in question.

The judgment of the court below is accordingly affirmed.